## SUPREME COURT—IN BANCO.

### JULY TERM—1877.

*Judd and M' Cully, J. J.*

KAALAEA PLANTATION *vs.* BOLABOLA, AND 12 OTHERS, AND WAILUKU SUGAR CO. *vs.* PAIA AND JIM BOMBAY.

RULINGS on Masters and Servants labor contracts—

An acknowledgment of contract made prior to the Act of 1876, is good if taken by any officer then authorized to take acknowledgment of deeds.

The "copy" which may be furnished the servant is only required to be a literal transcript of the original including its signatures, and is to be certified by the acknowledging officer without charge and stamped at the expense of the master.

Contracts executed prior to the Stamp Act of 1876 need not be stamped now.

Contracts need not be made in a form prescribed by the Minister of the Interior.

#### OPINION BY M'CULLY, J.

The above were cases under the master and servant statutes, which were heard and decided on the 12th and 16th instant, wherein the defendants severally justified a desertion

and refusal of service under some of the following pleas. That the contract was invalid because:

1—It was acknowledged before a notary public, and not before a special agent to take acknowledgments of masters and servants.

2—The copy furnished the servant was not fully executed by the signature of both parties to both the Hawaiian and English versions, or there was no attestation of the acknowledging officer to the servants copy.

3—The contracts were not stamped.

4—The contracts were not upon the forms prescribed by the Minister of the Interior.

*Per Curiam.* The several contracts which were acknowledged by notaries public were executed prior to the Act of 1876, Chapter 46, which amends the Act of 1872, Chapter 6. The earlier act provided that acknowledgments might be taken " by some officer of the government now authorized to take acknowledgments or before some agent to take acknowledgments of contracts as provided " thereinafter, while the later act provides a class of acknowledging officers or agents not having the general powers of a notary or of an agent of the Registrar of Conveyances to acknowledge execution of deeds or of a Judge of a Court of Record, and in whom exclusively of the other officers named, is given the authority to take the acknowledgments of labor contracts. But this Act of 1876, does not affect contracts which had been legally made before it was passed. The language of the law is too simple and the principle of *ex post facto* legislation too plain to require the adjudication of the Court thereon, if the position had not been seriously taken by defendants' counsel.

The Court in the case of A. Unna *vs.* Kealaula, April term, 1876, considered and passed upon the two points, that the Act of 1867, required that between Hawaiian contract laborers and masters there must be an instrument in both the Hawaiian and English languages, each version signed by

both parties, but that it was not required in order to its validity by statute that the servant should be furnished with a copy. The language of that case is as follows: "There is no statute that makes the delivery of a copy to the servant necessary for the binding effect of a contract. The statute implies that the servant is to have a copy, but it nowhere says that it is necessary to make the contract binding. The servant had a right to a copy, but he might waive it, and apparently did so." "The Court does not inquire into the reasons which prompted the Legislature to the enactment, but it is certain that the law does say that the contract shall not have effect when executed in one language only."

In each case where the defendant makes this objection, the plaintiff produces a contract which satisfies the requirements of the law as interpreted by the above cited case, and must be held sufficient. The defendant is bound by the contract which is fully executed in whosesoever possession it may be. The defendants are in no cases without a copy of the contract, in some of them signed as to one version only—in others a literal copy of the first instrument, the signatures being also copied.

It was suggested in argument for the plaintiffs that the law did not contemplate the execution of the contract in duplicate copies of both languages, a "copy" being a different thing from such a duplicate or counterpart, and that whatever direction there might be in the law to furnish the servant with a copy would be satisfied by a literal transcript. Although the case of Unna *vs.* Kealaula above cited, which being adopted here is thus made the decision of the three Justices of this Court on the point, would save the plaintiffs even if no copy had been furnished, it will be well to examine the statute provisions bearing thereon. They are the following:

The Civil Code, Section 1417, which was first enacted in 1850, provides only that it shall be à "written contract," while

apprenticeship papers of minors shall be a contract of two parts, signed and delivered by both parties, "one part shall be kept for the use of the minor." The law of 1868, requires that all contracts of service when either party is a Hawaiian shall be written and printed in both the Hawaiian and English languages, and shall not have effect when executed in one language only.

The next enactment is in 1872, an "Act for the protection of parties to contracts authorized by Section 1417," which provides that every contract for service shall, in *order to its validity* be acknowledged before certain officers.

The 3rd Section of this act prescribes a fee of fifty cents for each contract, to be paid by the master, "and no charge shall be made for the certificate of acknowledgment on the copy of the contract furnished the servant."

Chapter 46 of laws of 1876 amends the acknowledgment act in some other parts, but leaves the above cited section 3 unaltered, but the "act relating to stamp duties" 1876, in imposing a stamp duty on contracts between masters and servants, adds the clause "this duty to be charged on each copy and to be paid by the employer."

In giving judgment on the 14th instant in the first of the cases included in this opinion, the Court said that they must be considered without reference to the clause in the Stamp Act, 1876, all those contracts having been made previously. But we are clear that this provision does not now affect the law of masters' and servants' contracts in respect to furnishing a copy, for this Act is entitled "An Act relating to stamp duties," and cannot be considered as amending the law of masters and servants and their contracts. The Constitution Article 77 says "every law shall embrace but one object, and that shall be expressed in its title."

The only remaining reference in the laws to a copy is that above cited from the Act of 1872, "no charge shall be made for the certificate of acknowledgment in the copy of the con-

tract furnished the servant," which clearly is not a prescription that a copy must be furnished the second party in order to make the contract valid, but prescribes that in case a copy is required or given the agent shall attach his certificate to it without charge.

The word " copy " is defined in Webster's Dictionary as "a writing like another writing; a transcript from an original;" in Bouvier's Law Dictionary "a copy is a true transcript of an original writing." In the common and in the legal acceptation of the word a copy is not an original, and we must therefore hold that the second part shall be a true transcript of the original contract, to which the acknowledging agent appends his certificate without charge, and which is to be stamped at the expense of the master. Either party can come into Court on that copy.

Upon the third objection made, that the contracts were not stamped, the Court holds that such as were executed prior to the date when the Stamp Act went into force, do not require to be stamped when brought into Court.

The last point in objection was that the contracts were not in the form prescribed by the Minister of the Interior.

The law of 1868, Section 2, is, "the Minister of the Interior is hereby authorized to prepare, in both languages, printed forms of contract, as provided for in the foregoing section, in blanks as to place, time of service, wages, name, place where engaged, and place of residence." It was not made to appear that the contracts before us were not in the form prepared by the Minister of the Interior, or that the Minister of the Interior ever had done what he was authorised to do. But we fail to see anything in the permissive language of this statute which touches the validity of any contract which a master and servant have seen fit to execute. If the Minister had made such contract forms it does not appear that they must be used under penalty of any other form being void.

The Court has thus discussed all the points raised in the several cases embraced under the caption, and given its rulings on each, although as to some it was an iteration of doctrine heretofore laid down, and as to others, seeming too plain by statute to require judicial interpretation, in order that the large classes of persons affected as masters and as servants might lack nothing which would prevent needless and unprofitable appeals to the Court.

Cecil Brown for Kaalaea Plantation.

A. S. Hartwell for Wailuku Sugar Co.

J. Koii, G. Kalaaukane and William H. Halstead for defendants.

Honolulu, July 16th, 1877.